UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                  :

TRUSTEES FOR THE MASON TENDERS DISTRICT  :
COUNCIL WELFARE FUND, PENSION FUND, AND  :
TRAINING PROGRAM FUND et al.,           :             25-CV-4161(AS)
                                    :

                     Petitioners,     :       MEMORANDUM OPINION
                                    :         AND ORDER

      -v-                           :

                                    :

GC UPSTATE ENVIRONMENTAL SOLUTIONS  :
CORP,                                :
                                    :

                     Respondent.     :

-------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

On May 18, 2025, Petitioners filed a Petition to Confirm Arbitration. ECF No. 1. On May 20, 2025, the Court set a briefing schedule for Petitioners' submission of any additional materials in support of the Petition, Respondent's opposition, and Petitioners' reply. ECF No. 6. Petitioners served Respondent with the Petition, supporting materials, and the briefing schedule. ECF No. 13. Pursuant to the briefing schedule, Respondent's opposition was due no later than June 30, 2025. ECF No. 6. To date, Respondent has neither responded to the petition nor otherwise sought relief from the Award.

The Court must treat the Petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After

reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted).  Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

The Court grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, the Court grants Petitioner's unopposed petition to confirm the entire Award.  Petitioners are directed to file their Proposed Judgment electronically, using the ECF Filing Event "Proposed Judgment," by no later than **January 30, 2026**.

SO ORDERED.

Dated: January 20, 2026
    New York, New York

ARUN SUBRAMANIAN
United States District Judge

2